## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL FEDERATION OF THE BLIND OF NEBRASKA, INC., | ) ) ) ) | Case No.  8:10-cv-418 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) | COMPLAINT OF EMPLOYMENT DISCRIMINATION BASED ON DISABILITY |
| OUTLOOK NEBRASKA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

### I.  INTRODUCTION, JURISDICTION, AND VENUE

1. This Action is brought under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et seq, and the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq, for employment discrimination based on disability.  The National Federation of the Blind of Nebraska represents several of its members who have suffered employment discrimination at the hands of the Defendant, Outlook Nebraska Inc. Generally, Outlook Nebraska has taken adverse employment action against its blind and visually impaired employees because of their disability; failed to make reasonable accommodations; and retaliated against disabled workers when such workers engaged in protected conduct.  The Equal Employment Opportunity Commission (EEOC) has issued a right to sue letter and therefore this action is ripe for this jurisdiction and venue.

2. This Court has subject matter jurisdiction over the ADA and Section 504 claims under 28 U.S.C. §1331.

3. Venue is proper in this Court because all the actions complained of took place in the District of Nebraska and therefore venue is proper pursuant to 28 U.S.C. §1391.

4. On or about August 2, 2010, Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission indicating that the Commission had concluded its investigation and action on this matter. Consequently, this Action is timely filed.

## II. DESCRIPTION OF PARTIES AND FACTS RELEVANT

5. The National Federation of the Blind of Nebraska Inc., hereafter NFBNE, is a state-wide, 501c(3) nonprofit organization organized to serve as a vehicle for collective action on behalf of the blind and to help the blind achieve first class citizenship through full integration of the blind into society.

6. One of NFBNE's paramount goals is to assist the blind in achieving meaningful and equal employment. One way the Federation accomplishes this goal is through advocacy on behalf of blind workers.

7. For nearly two years, NFBNE has been working with several blind employees of Outlook Nebraska Inc., hereafter ONI, regarding problems in the workplace.

8. ONI is unlawfully discriminating against these workers based on their blindness.

9. At this stage, NFBNE is not disclosing the names of these current employees because of the potential that retaliatory action may be taken against them.

10. All of the employees discussed herein are individuals with disabilities in that they have a physical impairment which substantially limits the major life activity of seeing.

11. ONI is organized and receives federal contracts pursuant to the Javitz Wagner O'Day Act. Specifically, ONI receives and accepts contracts as administered through National Industries for the Blind (NIB).

12. ONI IS located in Omaha, Nebraska; employs over fifteen employees; and engages in commerce making it a covered entity under the statutes invoked in this Action.

13. NIB can only award government contracts to qualified nonprofits like ONI if the direct labor workforce is comprised of at least seventy-five percent legally blind individuals. This requirement is in place for the purpose of providing employment to the blind, a population which generally faces an unemployment rate exceeding seventy percent.

14. Even though ONI has been established to provide employment to the blind, it appears that great and unwarranted preference is given to sighted workers in terms of supervisor positions and retention privileges especially when work is slow and at other times.

15. Blind workers are not given the opportunity to serve as supervisors or "shift leads" on the production floor. Some blind workers have been specifically told that they will not be allowed to manage because they cannot see.

16. During times relevant to this Complaint, contract work slowed for ONI. Only blind workers were laid off and none of the sighted.

17. Despite repeated requests and during the time relevant to this Complaint, nearly all the machinery necessary for production could not be operated by blind workers.  Accommodations exist which would allow the blind to operate independently such machinery, but ONI did not made the necessary accommodations.

18. ONI has committed several OSHA violations in the last two years.  A former employee who articulated safety concerns was terminated in retaliation.

19. Many of the blind workers have additional disabilities such as diabetes, making them extraordinarily sensitive to temperature changes and incapable of working if it is too hot or too cold.  Despite repeated requests, ONI has not regulated the temperate on the production floor adequately with temperatures dipping into the 40's during cold moths and exceeding 100 degrees in the summer months.

20. Additionally, sighted workers are given better pay and benefits such as credit towards seniority for previous work.  These privileges have not been extended to blind workers.

21. As a direct and proximate result of the Defendant's conduct as described above, Plaintiff's members have been severely damaged, in that (among other things), they have experienced and will continue to experience significant pecuniary losses (including lost pay and benefits), lost earning capacity, mental anguish and emotional distress as manifested by a variety of objective physical and emotional symptoms, and the loss of life's enjoyment.

### III. VIOLATIONS OF THE REHABILITATION ACT

22. Plaintiff incorporates by reference the allegations contained in Paragraphs

23. Plaintiff's members who work at or who have worked at Defendant are all individuals with disabilities within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq.

24. Defendants have adversely treated Plaintiff's members by refusing promotions, paying them less, and otherwise treating sighted employees more favorably. These actions have been taken solely because of Plaintiff's members' disabilities.

25. Defendant has not reasonably accommodated Plaintiff's members in that much of the machinery on which they must work is inaccessible to them. Routinely, Defendant has not made employment and other documentation available in alternative formats.

26. When at least one member of Plaintiff complained of safety violations to the Occupational Health and Safety Administration, said employee was terminated by Defendant because of this protected conduct.

27. Additionally, other employees who have attempted to advocate for their employment rights and protections have been either terminated or have suffered other forms of adverse employment action.

28. These acts violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq.

## IV. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

29. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-21 above.

30. Plaintiff's members who work at or who have worked at Defendant are all individuals with disabilities within the meaning of the ADA, 42 U.S.C. §12101 et seq.

31. Defendants have adversely treated Plaintiff's members by refusing promotions, paying them less, and otherwise treating sighted employees more favorably. These actions have been taken because of Plaintiff's members' disabilities.

32. Defendant has not reasonably accommodated Plaintiff's members in that much of the machinery on which they must work is inaccessible to them.  Routinely, Defendant has not made employment and other documentation available in alternative formats.

33. When at least one member of Plaintiff complained of safety violations to the Occupational Health and Safety Administration, said employee was terminated by Defendant because of this protected conduct.

34. Additionally, other employees who have attempted to advocate for their employment rights and protections have been either terminated or have suffered other forms of adverse employment action.

35. These acts violate Title I and other titles of the Americans with Disabilities Act, 42 U.S.C. §121101 et seq.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

(a)     Declare the Defendant has intentionally violated Plaintiff NFBNE's and its members rights under the Americans with Disabilities Act (42 U.S.C. §

12101 et seq.), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq.

(b) Grant a permanent injunction enjoining Defendant ONI, its officers, agents, successors, assigns, and all persons in active concert or participation with ONI: (1) from unlawfully failing to provide equal employment opportunities to Plaintiff's members (2) from unlawfully failing to provide reasonable accommodations to Plaintiff's members; (3) retaliating against Plaintiff's members for their protected workplace and civil rights conduct.

(c) Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and eradicate the effects of its past and present unlawful employment practices.

(d) Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the Americans with Disabilities Act , 42 U.S.C § 12117(a) which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

(e) Award Plaintiff's members  all damages to which he in entitled including, but not limited to, all special, general, compensatory, punitive, exemplary, or other damages, pursuant to Title I of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) and the Rehabilitation Act of 1973 (29 U.S.C. § 794, et seq.

(f)     Award Plaintiff and its members their attorney's fees and costs, pursuant to

42 U.S.C. § 12205, 29 U.S.C. § 794a or as otherwise authorized by law.

(g)     Award Plaintiff and its member's pre-judgment and post-judgment interest

to the extent authorized by law.

(h)     Award Plaintiff and its members such further relief as the court deems

necessary and proper in the public interest.

Submitted this 26th day of October, 2010,


/s/ Scott C. LaBarre
(Seeking Admission Pro Hac Vice)
Scott C. LaBarre
LaBarre Law Offices, P.C.
1660 S. Albion Street, Suite 918
Denver, CO 80222
Telephone: (303) 504-5979
Fax: (303) 757-3640
slabarre@labarrelaw.com
Attorney for National Federation of
the Blind of Nebraska